**10839 Assoc. v Big Apple Time LLC**

2025 NY Slip Op 32284(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 651757/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------------X

10839 ASSOCIATES,

                          Plaintiff,

               - v -

BIG APPLE E TIME LLC,KEN LEUNG

                        Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651757/2023 |
| **MOTION DATE** | 02/17/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41 were read on this motion to/for      REARGUMENT/RECONSIDERATION     .

In this action alleging breach of a commercial lease, Defendants Big Apple E Time LLC ("Big Apple") and Ken Leung ("Leung") (collectively "Defendants") move for an order granting leave to reargue the Court's January 22, 2025 Decision and Order (NYSCEF Doc. No. 35, "Prior Decision") and, upon reargument, modifying the Prior Decision to deny plaintiff 10839 Associates ("Plaintiff") summary judgment as to liability and restoring Defendants' third and fourth affirmative defenses.  Plaintiff opposes the motion.

The Court incorporates by reference the factual background set forth at length in the Prior Decision.  In relevant part, this action arises out of a ten-year lease (NYSCEF Doc. No. 11, "Lease") executed by Big Apple for a restaurant space in Plaintiff's building located at 108 West 39th Street in Manhattan ("Premises") on January 22, 2020.  Leung, Big Apple's principal, concurrently executed a limited guaranty for Big Apple's obligations under the Lease (NYSCEF Doc. No. 12, "Guaranty").

651757/2023   10839 ASSOCIATES vs. BIG APPLE E TIME LLC ET AL
Motion No.  002

Page 1 of 5

1 of 5

[* 1]

The Lease provided that its term began on the "Commencement Date," defined as the "Delivery of Possession Date" set forth in its Article 6, which in turn defined the latter date as "the date on which Landlord shall deliver vacant possession of the Premises" (Lease § 6.03[a]). Per section 6.03(b)(ii), the "Delivery of Possession date" was to be "confirmed by Landlord and Tenant in a 'Commencement Date Certificate' in the form attached hereto as Exhibit C." Plaintiff did not annex a copy of that Commencement Date Certificate to its papers in the prior motion. The Lease provided Big Apple a rent abatement from the earlier of either ninety days after the Commencement Date or on the date Big Apple opened for business.

The parties do not dispute Defendants never opened a restaurant on the Premises or that Big Apple took possession of the Premises. They do, however, dispute when Big Apple took possession of the Premises and when its obligation to pay rent began. Plaintiff claims that Big Apple took possession upon executing the Lease in January 2020, while Defendants claim that Big Apple was prevented from taking possession of the Premises due to a Department of Buildings Peremptory Vacate Order that was in effect through March 9, 2020. The parties executed a Surrender Agreement in May 2022 in which they agreed that it was without prejudice for Plaintiff's claims to rent, additional rent, and other amounts owing under the Lease and Guaranty. Big Apple accrued arrears through May 2022, which remained unpaid after the Surrender Agreement's execution, and Plaintiff continued charging arrears until it commenced this action in April 2023.

In the Prior Decision, the Court found that Plaintiff was entitled to summary judgment as to liability only on its first and third causes of action against Big Apple and Leung for their respective breach of the Lease and Guaranty. It found no issue of fact as to Defendants' breach of their respective obligations, based upon Plaintiff's submission of a rent ledger showing

651757/2023   10839 ASSOCIATES vs. BIG APPLE E TIME LLC ET AL
Motion No. 002

Page 2 of 5

[* 2]

accrued rent arrears and an affidavit from its managing agent establishing Big Apple's default, and Defendants' admission that Big Apple defaulted under the lease (Prior Decision at 3, citing NYSCEF Doc. No. 22, Leung aff ¶ 3).  The Court found that there was a material issue of fact as to the rent commencement date that precluded an award of damages.

The Court also, in relevant part, dismissed Defendants' third affirmative defense alleging constructive eviction and their fourth affirmative defense seeking to limit Plaintiff's damages to rent obligations accruing through May 2022, based upon Plaintiff's acceptance of Big Apple's surrender of the Premises.  It found that the constructive eviction defense was without merit because Defendants failed to specify a hazardous condition that caused the putative constructive eviction and that their alternative bases for this defense, a lack of gas or damage to the ventilation system, were expressly waived in the Lease.  As to the fourth affirmative defense, the Court found that the Surrender Agreement expressly preserved Plaintiff's rights under the Lease to recover rent that came due after any termination.

Defendants now seek to reargue these portions of the Prior Decision.  A motion for leave to reargue must "be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221[d][2]).  Defendants claim that the Court should not have granted Plaintiff summary judgment as to liability or dismissed the fourth affirmative defense because there was an issue of fact as to whether Leung was induced to sign the Surrender Agreement by a promise that rent obligations would cease upon surrender of the Premises, citing paragraphs 21 through 28 of Leung's affidavit in opposition to the prior motion where he advances this claim.  They further argue that the Court failed to consider the language of the Guaranty wherein Leung guaranteed payment of all rent and additional rent "through the Surrender Date" (Guaranty ¶ 1).  Last, Defendants argue that the third cause of action for

[* 3]

constructive eviction should be reinstated because the Court failed to consider that the Peremptory Vacate Order in effect in January 2020 was "prima facie proof that a hazardous condition existed in the premises" (NYSCFE Doc. No. 39 ¶ 37).

The motion is denied as Defendants fail to cite any facts or law that the Court overlooked in rendering the Prior Decision. Rather, they merely reiterate arguments raised in the prior motion that the Court rejected. As to summary judgment on liability, the Court considered the evidence proffered by the parties, including Defendants' admission by way of Leung's affidavit conceding that they did owe rental arrears, and found that Defendants could be held liable for their respective breaches of the Lease and Guaranty. The Court deferred the question of damages to trial based on the lack of evidence as to the Lease's commencement date.

In declining to rule that Plaintiff could only be entitled to rent arrears accruing through May 2022, and in dismissing Defendants' fourth affirmative defense to that effect, the Court relied on the express language of the Surrender Agreement and Lease, which provides for the recovery of rental arrears accruing after termination (*see* Surrender Agreement ¶ 3; Lease § 26.01[b]). Defendants' argument that the Court should have limited Leung's liability for post-termination rent under the Guaranty must fail, as the Guaranty specifies that his liability for unpaid rent is limited to those accruing through the "Surrender Date," defined therein as "at least 90 days after," *inter alia*, "Tenant has paid all Rent and Additional Rent for any and all other charges then accrued under the Lease" (Guaranty ¶ 2). The Court also rejects Defendants' contention as to the constructive eviction affirmative defense, as this argument was not raised in opposition to the prior motion.

651757/2023   10839 ASSOCIATES vs. BIG APPLE E TIME LLC ET AL
Page 4 of 5
Motion No.  002

4 of 5

Accordingly, it is hereby:

ORDERED that the motion is denied in its entirety.

| 6/23/2025 | | | | | | LORI S. SATTLER, J.S.C. | |
|-----------|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |

| CHECK ONE: | | ☐ | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | ☐ | GRANTED | X | DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651757/2023   10839 ASSOCIATES vs. BIG APPLE E TIME LLC ET AL**        **Page 5 of 5**
**Motion No.  002**